STATE OF NORTH CAROLINA v. JAMES PERRY, JR.

No. 749SC285

(Filed 15 May 1974)

1. **Homicide § 21— cause of death — sufficiency of evidence**

    The State's evidence was sufficient to prove the cause of death in a homicide case where two witnesses testified they saw defendant shoot decedent with a shotgun and a medical witness testified that internal injuries caused by a shotgun wound appeared to be the cause of death.

2. **Homicide § 30— second degree murder — gun in decedent's pocket — failure to instruct on manslaughter**

    In this second degree murder prosecution, evidence that a gun was found in decedent's pocket did not require the court to instruct on voluntary manslaughter where there was no evidence that the two eyewitnesses or defendant knew decedent had a gun on his person or that deceased made a move to go to his pocket.

APPEAL by defendant from *McLelland, Judge,* at the 5 November 1973 Criminal Session of GRANVILLE Superior Court.

Heard in the Court of Appeals 19 April 1974.

The defendant, James Perry, Jr., was indicted for first-degree murder, but the State chose to prosecute him for second-degree murder. James Moseley and William Thornton testified for the State that they and the deceased John Hobgood were at the Delphi Filling Station in Oxford, North Carolina, on the evening of 28 July 1973. Hobgood apparently owned the Delphi Filling Station and Moseley worked for him. The three men were sitting or standing around the door to the station when the defendant approached carrying a shotgun. When asked what he was doing with the gun, defendant stated, "I think I owe you something and I'm going on and pay you." The defendant then loaded the shotgun and at point blank range shot the deceased, John Hobgood. Moseley and Thornton scattered. From a verdict of guilty of second-degree murder and a sentence of 30 years, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Watkins, Edmundson & Wilkinson by C. W. Wilkinson, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1]  Defendant assigns as error the failure of the trial court to grant his motion for judgment as of nonsuit because the State failed adequately to prove cause of death or that the actions of defendant were the proximate causes of death. There were two eyewitnesses to the shooting. The Granville County Medical Examiner testified as to the wound in deceased's abdomen just before the following exchange occurred:

"Q. Do you have an opinion as to what type of weapon caused this wound?

A. It appeared to be a shotgun wound.

Q. Do you have an opinion based upon your medical facts as to the cause of death of John Hobgood?

A. Internal injuries caused by this shotgun wound appeared to be the cause of death."

The defendant objects to the use of the word "appeared" and contends that this shows uncertainty as to the cause of death and that therefore his motion for judgment as of nonsuit should have been granted. Defendant's argument is solely one of semantics and is without merit. In addition to the medical examiner's testimony was the testimony of two eyewitnesses to the shooting. Where the evidence is such that every person of average intelligence would know from his own experience or knowledge that the wound was mortal in character, it is not necessary to have expert medical testimony to prove cause of death. *State v. Minton*, 234 N.C. 716, 68 S.E. 2d 844 (1952).

[2]  Defendant also contends that the trial court erred in failing to charge on the lesser included offense of voluntary manslaughter in that a gun was found in the deceased's pocket and defendant may have thought deceased was going for the gun. There was no evidence that either of the two eyewitnesses or the defendant knew the deceased had a gun on his person or that the deceased made a move to go to his pocket. Where there is evidence only of the greater offense and no evidence which would support a verdict of the lesser offense, then the trial court is not required to instruct the jury on the lesser degrees of the crime charged. 3 Strong, N. C. Index 2d, Criminal Law, § 115, p. 21 (1967).

We find no error.

No error.

Judges MORRIS and VAUGHN concur.